■ CITIES SERVICE OIL COMPANY, Respondent, v. 307 SUMMER STREET, INC., et al., Appellants.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: Both parties were at fault in needlessly complicating the preliminary procedural moves in a commercial controversy and in unduly delaying its final disposition. In the first instance, the plaintiff's demand for a bill of particulars of the defendants' affirmative defenses and counterclaims was excessive and unduly elaborate. The defendants failed to move to vacate

or modify the demand and did not furnish any particulars, even with respect to items of the demand which were plainly proper, until confronted by motions to preclude and, even then, they did not supply adequate particulars. The conduct on both sides should be condemned. However, notwithstanding the defendants' failure to move to vacate or modify the demand, the court is not bound to grant an order of preclusion with respect to all the items in it as to which the defendants have not responded adequately; the court may still, in the exercise of its discretion, refuse to grant an order of preclusion with respect to matters as to which the demand was improper (*Curran* v. *Porkar*, 283 App. Div. 849; *Universal Metal Prods. Co.* v. *De-Mornay Budd*, 275 App. Div. 575, Prashker, New York Practice [4th ed.], § 253). Comparatively few of the items covered by the Special Term order fairly require further particularization. The defendants should be required, within 20 days after the service of a copy of the order to be entered herein, to furnish to the plaintiff the following further particulars: Item No. 6 — a statement as to whether the demands were oral or in writing. Item No. 11 — the name and address of the person to whom each of the amounts alleged to have been expended for " advertising " and "miscellaneous", listed in paragraph 5 of the bill of particulars, was paid. Item No. 13 — the details of expenditure and the name and address of each station with respect to which a loss is claimed for " station operation ". In the event of the defendants' failure to furnish a further bill of particulars as directed, they should be precluded from offering evidence upon the trial with respect to these matters. It should further be provided in the order that, if the defendants hereafter find any of the writings which they have heretofore stated in their bill of particulars they could not locate, they should promptly furnish copies of the writings to the plaintiff. In all other respects, the motion to preclude is denied. The order appealed from is modified by striking out the operative paragraphs thereof and by substituting new paragraphs containing the foregoing directions and, as modified, the order is affirmed. (Appeal from order of Erie Special Term precluding defendants from giving certain evidence unless a bill of particulars is furnished within 20 days, containing information which has been demanded.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.